## HUMPHREY *v.* BAKER.

No appeal lies from the decree of the Circuit Court entered in accordance with the mandate of this court.

MOTION to dismiss an appeal from the Circuit Court of the United States for the Eastern District of Michigan.

The facts are stated in the opinion of the court.

*Mr. Theodore Romeyn* in support of the motion.

*Mr. John Atkinson, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

At the last term, on a former appeal in this case (*Baker* v. *Humphrey*, 101 U. S. 494), we decided "that the complainant, Baker, deposit in the clerk's office for the use of the defendant, George P. Humphrey, the sum of $25, and that Humphrey thereupon convey to Baker the premises described in the bill, and that the deed contain a covenant against the grantor's own acts, and the demands of all other persons claiming under him." A mandate was thereupon issued to the Circuit Court to enter a decree in accordance with this decision, and carry it into effect. Pursuant to this mandate a decree was entered, of which no complaint is made. The money was deposited with the clerk at or before the time of the decree, and immediately thereafter a deed in all respects appropriate in form was prepared and presented to Humphrey for execution. This he neglected to do, and he was ordered to show cause why he should not be attached for contempt on that account. In obedience to this order he appeared and for cause showed —

"1st, That before said decree was entered the Circuit Court gave him leave to file, and he did file, a bill of supplement and review to obtain reimbursement for taxes and improvements paid and made upon the premises in question.

"2d, That said bill was duly filed before said decree was entered, and the complainant, who is the defendant therein, has appeared and demurred thereto, and the same is now pending and undetermined.

·　"3d, That this defendant has been advised and verily believes that no process would issue against him to compel him to sign the deed in question, until the questions presented by his said bill were disposed of."

Upon the hearing Humphrey was adjudged to be in contempt, and it was decreed that he stand committed to the Detroit House of Correction until he executed the deed, unless sooner discharged by the court.

From this order of commitment the present appeal has been taken, which the appellee now moves to dismiss.

In *Stewart* v. *Salamon* (97 U. S. 361), we decided that we would not entertain an appeal from a decree entered in exact accordance with our mandate on a former appeal, and that when such an appeal was taken we would on application examine the decree, and if it conformed to the mandate, dismiss the case with costs. If it did not, we would remand the case with appropriate directions for the correction of the errors. The decree entered below, in the present case, followed the mandate in every particular, and was in legal effect ours. It commanded Humphrey to convey, and the proceedings in which the order now appealed from was entered were for the purpose of compelling him to do what we said must be done. Instead of carrying our decree into execution ourselves, we sent it below for that purpose. No discretion was given the Circuit Court as to requiring a conveyance. That was ordered here. The order appealed from was in furtherance of our express directions, and may with propriety be considered part of our decree. It was the appropriate way of getting the conveyance which we said must be made. If in the end it shall appear that Humphrey is entitled to the relief he asks, in what he denominates his "bill of supplement and review," the appropriate decree to that end will be made in that proceeding. The decree we directed is the final decree in the original suit, and the court below had nothing to do but to carry it into execution. Under the rule established in *Stewart* v. *Salamon*, therefore, the appeal is

*Dismissed with costs.*