### LESLIE v. TOWN OF URBANA.

(Circuit Court of Appeals, Seventh Circuit. February 17, 1893.)

#### No. 70.

RES JUDICATA—BILL OF REVIEW—JUDGMENT ON APPEAL.

A bill of review will not lie to set aside for alleged error of law a judgment which has been affirmed by the supreme court, even though such affirmance was the result of an even division between the judges of the supreme court.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

In Equity. Bill by George Leslie against the town of Urbana. Defendant obtained a decree. Complainant appeals. Affirmed.

George A. Sanders, for appellant.
J. O. Cunningham, for appellee.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge.

JENKINS, Circuit Judge. This cause comes before us upon appeal from the decree of the court below sustaining a demurrer to the bill of complaint, and dismissing the bill for lack of equity.

The bill charges that in 1867 the appellee issued its bonds to the amount of $100,000 in aid of the Danville, Urbana, Bloomington & Pekin Railway Company, afterwards known as the Indianapolis, Bloomington & Western Railway Company, in payment of its subscription to the stock of such railway corporation; that the appellant, prior to the maturity of the bonds, purchased in open market seven of such bonds, which he caused to be duly registered with the state auditor in 1872; that in 1878 the appellant brought his suit at law in the court below to recover the amount of those bonds. Several other holders of the bonds, at about the same time, brought their suits at law in that court to recover upon the bonds respectively held by them. Demurrers were interposed, urging the invalidity of the law under which the bonds purported to be issued. The demurrer in the case of the appellant was sustained by Judge Drummond upon the supposed authority of Township of Elmwood v. Marcy, 92 U. S. 294. The appellant's case was selected to be taken by writ of error to the supreme court of the United

States as a test case, the others remaining pending in the lower court on motions for new trial. The supreme court of the United States affirmed the judgment in the appellant's case by a divided court, Mr. Justice Matthews not sitting. Subsequently the court below, Mr. Justice Harlan presiding, granted new trials in the other cases, and rendered judgment in favor of the plaintiffs, holding the bonds valid. One or more of these judgments was taken by the town to the supreme court, and the judgment affirmed by a divided court, Mr. Justice Matthews not sitting. All of the bonds issued by the town by virtue of these and other judgments have been paid, except those owned by the appellant. The bill charges that the only reason for the nonpayment of the complainant's bonds "was the error of Judge Drummond in applying the law to the case, and his mistake of the attitude of the United States supreme court on the question involved, as shown beyond a doubt by the decisions of that court continually from that time to the present on the curative act question, which was the only question involved in that case." The bill seeks to have the judgment in the case at law reviewed and reversed, and for a decree that the judgment on demurrer in the case at law be held null and void by reason of the mistake and error in law of the court, and for a decree adjudging the bonds to be valid, and for judgment upon them.

This bill is unique. We are solemnly asked to reverse a judgment at law rendered by a court having jurisdiction of the parties and of the subject-matter, and affirmed upon writ of error by the supreme court of the United States. It is said that a judgment of affirmance by a divided court is of no binding force, and is a mere mistrial. That is a mistake. Such affirmance is as effective between the parties, and in respect of the matter involved, as though it passed by the unanimous decision of the court. This bill can be sustained only by annulling the whole doctrine of res judicata, and by declaring that no judgment is conclusive so long as the parties may see fit to litigate the questions involved. Indeed, counsel boldly asserted at the bar that no judgment was conclusive so long as it appeared to the conscience of the chancellor to be unjust. The decision of one chancellor even would be inconclusive, so long as there remained another chancellor to review a previous decision. This doctrine would abolish the binding efficacy of all judgments, and establish anarchy in the administration of the law. Chaos is no remedy for the occasional injustice of fallible human judgment.

The bill is without principle to support it, and without precedent to recommend it. Affirmed.