C. & A. POTTS & CO. v. CREAGER et al.

(Circuit Court, S. D. Ohio, W. D.   January 15, 1896.)

No. 4,244.

1. PLEADING AND PRACTICE IN EQUITY—SUPPLEMENTAL BILL—REHEARING.
   Where, in a suit for infringement of a patent, it is sought to introduce newly-discovered evidence after the entry of the usual interlocutory decree awarding an injunction and an accounting, the proper practice is to petition for a rehearing, and the case is not one for the filing of a supplemental bill.

2. APPEAL—MANDATE—PROCEEDINGS BELOW—REHEARING.
   Where a decree dismissing a bill for infringement of a patent is reversed, with directions for further proceedings in accordance with the opinion, and on the coming down of the mandate a decree is entered awarding an injunction and an accounting, the lower court is not thereby precluded from afterwards allowing amendments to the pleadings, and granting a rehearing for the introduction of newly-discovered evidence, for the decree entered pursuant to the mandate is interlocutory, and not final.

This was a bill in equity by C. & A. Potts & Co. against Frank F. Creager and others for alleged infringement of patent No. 322,-393, issued July 14, 1885, to C. & A. Potts for improvements in disintegrating clay. This court heretofore entered a decree dismissing the bill (44 Fed. 680), but upon an appeal to the supreme court the decree was reversed and remanded, with directions for further proceedings in accordance with the opinion there rendered (155 U. S. 597, 15 Sup. Ct. 194). On the coming down of the mandate this court entered an interlocutory decree granting an injunction and an accounting. The cause is now before the court upon a petition for leave to file a supplemental bill to bring in newly-discovered evidence, and for a rehearing.

C. & E. W. Bradford, for complainants.
Wood & Boyd, for respondents.

SAGE, District Judge. This case is before the court on a petition which is, in one aspect, a petition for rehearing, and upon a showing of newly-discovered alleged anticipations of the complainants' patent. Upon the hearing this court dismissed the bill. The supreme

court, upon appeal, reversed the decree of dismissal, and on the 7th of January, 1895, remanded the case for further proceedings in conformity with its opinion. A decree for an injunction and for an account was thereupon entered in this court. That decree is an interlocutory decree, not a final decree. The petition is for leave to file a supplemental bill for the purpose of bringing before the court, in due form, newly-discovered evidence, and for a rehearing of the cause at the time and in connection with the hearing of said supplemental bill; also for leave to bring in said newly-discovered matters in such manner and form as may be most consistent with the rules and practice of the court. This is not a case for a supplemental bill, which is in the nature of a bill of review. Such bills can be brought only upon a final, and not upon an interlocutory, decree. The proper practice requires a petition for rehearing. It is objected that the proceeding is wholly improper, the only jurisdiction remaining in this court being to execute the mandate of the supreme court. Counsel cite Sibald v. U. S., 12 Pet. 492; Ex parte Story, Id. 339; Humphrey v. Baker, 103 U. S. 736; Stewart v. Salmon, 97 U. S. 361; Ex parte Dubuque & P. R. Co., 1 Wall. 69; Leslie v. Town of Urbana, 6 C. C. A. 111, 56 Fed. 762. In each of these cases, however, the decree directed by the supreme court was the final decree in the original suit. Here the decree is interlocutory. The mandate has been executed by an entry made in exact pursuance of its terms. Upon the authority of In re Sanford Fork & Tool Co. (decided recently by the supreme court, but not yet officially reported) 16 Sup. Ct. 291, under a mandate directing an interlocutory decree and further proceedings in conformity with the opinion of the supreme court, the lower court may, in its discretion, allow amendments to the pleadings, and a rehearing upon a showing such as is made by the defendants in this case. In that case a bill was filed to set aside a mortgage. The defendants filed an answer insisting that the mortgage was valid. The plaintiffs filed exceptions to the answer for insufficiency. The exceptions were sustained by the court below, and, the defendants declining to plead further, and electing to stand by their answer, the court entered a final decree in favor of the plaintiffs, which was reversed by the supreme court in Sanford Fork & Tool Co. v. Howe, Brown & Co., 157 U. S. 312, 15 Sup. Ct. 621. The case of In re Sanford Fork & Tool Co. was for mandamus to command the judge below to enter a final decree in favor of the defendants below in accordance with the mandate of the supreme court in Sanford Fork & Tool Co. v. Howe, Brown & Co. The supreme court said that when the decree of the circuit court sustaining the plaintiffs' exceptions to the answer, and (because the defendants declined to plead further) granting to the plaintiffs the relief prayed for in the bill, was reversed, the only matter which was or could be decided by that court upon the record before it was that the answer was sufficient, and that the supreme court, in so deciding, could go no further than the circuit court could have done had it made a like decision. It further said that the court did not under-

take, either by its opinion or by its mandate, to· preclude the· plaintiffs from filing a replication, and that while the supreme court declared that, assuming the facts alleged in the answer to be true, the mortgage was valid, yet neither the opinion nor the mandate ordered a final judgment for the defendants, but only that the judgment for the plaintiffs be reversed, and the cause remanded to the circuit court for further proceedings not inconsistent with the opinion of the supreme court. So here, the supreme court decided that, upon the facts presented at the interlocutory hearing, the plaintiffs were entitled to an interlocutory decree, and, reversing the final decree which had been entered below for the defendants, remanded the case to the circuit court for further proceedings not inconsistent with the opinion of the supreme court. The court proceeded in its opinion:

"The case being thus left open, by the opinion and mandate of this court, and by the general rules of practice in equity, for further proceedings, with a right in the plaintiffs to file a replication putting the cause at issue, the circuit court might, in its discretion, allow amendments of the pleadings for the purpose of more fully or clearly presenting the facts at issue between the parties."

The case is parallel to this case. The opinion, reversing the final decree in favor of the defendants below and ordering further proceedings in accordance with the opinion of the supreme court, placed the plaintiffs in no better position than they would have occupied if the decree by the court below had been in their favor. The further proceedings must be under and in accordance with the supreme court rules governing practice in equity. As in the Sanford Tool Co. Case amendments to the pleadings could be allowed in the discretion of the court below, and in accordance with those rules, so in this case the interlocutory decree could be opened upon a proper showing for a rehearing upon newly-discovered evidence, presenting matters which were not and could not have been considered in the case presented to the supreme court. The opinion of the supreme court will, of course, be recognized as the law of the case, and unless the defendants, upon the matters suggested in the application for rehearing, can make a case radically different from that presented to the supreme court, the rehearing will not avail. With this understanding and qualification, the petition for rehearing will be allowed.