## WHITE et al. v. BRUCE, Judge.

(Circuit Court of Appeals, Fifth Circuit. May 28, 1901.)

### No. 1,051.

1. APPEAL—ALLOWANCE—POWER TO REFUSE.

The fact that the circuit court of appeals cannot entertain an appeal or writ of error until the same has been duly allowed shows conclusively that the right to an appeal or writ of error is not an unqualified one, and conclusively implies the power and duty to refuse applications therefor in some cases.

2. SAME—ORDERS ENTERED IN OBEDIENCE TO MANDATE.

Where a circuit court of appeals on a writ of error has affirmed the judgment of a circuit court, condemned the plaintiff in error and the sureties on the writ of error bond to pay the costs, and issued its mandate in the usual form, commanding "that such execution and proceedings be had in said cause as, according to right and justice and the laws of the United States, ought to be had, the said writ of error notwithstanding," and the circuit court, in substantial compliance with such mandate, has awarded process against the defendant and also against the sureties in the bond, its order is, in effect, the judgment of the appellate court, and cannot be taken to that court for review. In such case the circuit court has no discretion to do otherwise than to obey the command of the mandate, and cannot entertain a defense there sought to be set up by the sureties. based on the alleged invalidity of the original judgment or a claim that the bond never became operative as a supersedeas, and its refusal to do so gives the sureties no right to the allowance of a second writ of error.

On Petition for Writ of Mandamus.

For the better understanding of this case, reference is made to the opinions of this court in the case of McGehee v. McCarley, as reported in 33 C. C. A. 629, 91 Fed. 462, and 103 Fed. 55. For the sake of greater accuracy, and at the risk of appearing to incumber our opinion overmuch by so extended a statement of the matter now before us, we make the following large extracts from the printed record:

"The United States of America, to the Honorable John Bruce, United States Judge for the Northern District of Alabama, Greeting: Whereas, on the 20th day of April, 1901, in the matter of the petition of Milton Humes and Addison White, as sureties on the writ of error bond in the case of Charles M. McGhee and Henry Fink, as receivers, against A. J. McCarley, as administrator of the estate of Zuma Allred, deceased, the following order was made by the Honorable Don A. Pardee, United States circuit judge:

'This petition may be filed, and thereupon let an order issue directing the Honorable John Bruce, district judge for the Northern district of Alabama, to show cause before the circuit court of appeals on Monday, 29th day of April, at 11 a. m., or as soon thereafter as counsel can be heard, why the writ of mandamus as herein prayed for should not be granted, and in the meantime the clerk of the circuit court for the Northern district of Alabama is directed to withhold execution against the petitioners in the case of McCarley, administrator, against McGhee and Fink, receivers. April 20, 1901. Don A. Pardee, Circuit Judge,'—you are therefore commanded that you be and appear before the circuit court of appeals on Monday, 29th day of April, 1901, at 11 a. m., or as soon thereafter as counsel may be heard, to show cause, if any there be, why the writ of mandamus as prayed for in said petition should not be granted. A copy of said petition is hereto annexed and made a part of this rule. Witness the Honorable Melville W. Fuller, chief justice of the United States, and the seal of our United States circuit court of appeals hereto affixed, at the city of New Orleans, this April 20, 1901. [Seal.] J. M. McKee, Clerk United States Circuit Court of Appeals, Fifth Circuit."

"Petition for Mandamus.

"United States Circuit Court of Appeals for the Fifth Circuit.

"To the Honorable Judges of Said Court: Your petitioners, Milton Humes and Addison White, sureties on the writ of error bond in the case of Charles M. McGhee and Henry Fink, as receivers of the Memphis & Charleston Railroad Company, against A. J. McCarley, as administrator of the estate of Zuma Allred, deceased, respectfully represent that heretofore, to wit, on the 22d day of May, 1900, this honorable court affirmed the judgment of the United States circuit court in and for the Northern division of the Northern district of Alabama. That at the January term of said court, 1901, the said McCarley, as administrator, presented the mandate of this court in said cause, and asked for a summary judgment against the sureties on said writ of error bond, and thereupon, without hearing the sureties on the said bond, in defense of the motion for summary judgment, the court entered the same. During the term of the court at which said judgment was rendered Milton Humes and Addison White, sureties on the said bond, made a motion in the circuit court of the United States in and for the Northern division of the Northern district of Alabama, in said cause of A. J. McCarley, as administrator of the estate of Zuma Allred, deceased, versus McGhee and Fink, as receivers of the Memphis & Charleston Railroad Company (which said motion was regularly continued to the April term of said court), wherein they alleged, in substance, in said motion, that said bond was without consideration and void, because at the date of the rendition of the judgment in said circuit court of the United States aforesaid, against said receivers, they had been discharged from their receivership, and that the said bond was further void because no copy of the writ of error had been lodged in the clerk's office, where the record remained, for the adverse party to said writ of error aforesaid. The record of the case of Charles M. McGhee and Henry Fink, as receivers, against said A. J. McCarley, as administrator of Zuma Allred, deceased, No. 763 on the docket of this court, is, as appears by the certificate of the court below, a full, true, and complete transcript of the record, and said record does not disclose that the copy of the writ of error was lodged in the court below for the adverse party. The motion made by the said sureties in said writ of error bond, to vacate the judgment as against them, was overruled and disallowed at the April term of said court, 1901, and thereupon the said Milton Humes and Addison White, sureties as aforesaid, prepared a petition for a writ of error, assignments of error, writ of error and copy thereof, and citation, and a notification to Charles M. McGhee and Henry Fink, receivers, to come in and join in the prosecution of said writ, and, upon their failure to do so, said Honorable John Bruce was asked to enter an order severing said McGhee and Fink, receivers as aforesaid. These papers were presented to the Honorable John Bruce, judge of the district court in and for the Northern division of the Northern district of Alabama, on the 18th day of April, 1901. The said Honorable John Bruce declined and refused to allow the prosecution of the writ of error from the rendition of

the judgment against said sureties on the said writ of error bond on the 19th day of January, 1901. Your petitioners further allege that said writ of error bond, upon which said judgment was rendered against them, did not operate as a supersedeas bond, because of the failure to lodge said copy of said writ of error in the said cause No. 763 in the clerk's office, where the record remained, for the adverse party. The premises considered, your petitioners pray that the Honorable John Bruce, judge as aforesaid, be made a party defendant to this petition, and that an alternative writ of mandamus be issued in this cause requiring the said Honorable John Bruce, judge of said circuit court, to show cause why he should not be required to grant the writ of error; and, upon the return thereof to this court, that this court make an order commanding and directing said Honorable John Bruce, judge as aforesaid, to allow the said writ of error so presented to him by said Milton Humes and Addison White, and that in the meantime, and pending the hearing of this petition, that said circuit court be required and directed to suspend the execution of said judgment against said Milton Humes and Addison White as sureties on the said bond. And petitioners pray for such other, further, and general relief as the facts and equities of the case may require.                     John H. Sheffey, Attorney for Petitioners."

"Return of Respondent to the Alternative Writ of Mandamus.

"United States Circuit Court of Appeals for the Fifth Circuit, at New Orleans, La. Milton Humes and Addison White, Petitioners, vs. John Bruce, Judge of United States Circuit and District Courts for Northern District of Alabama, Respondent.

"To the Honorable Circuit Court of Appeals for the Fifth Circuit of the United States: The respondent, the said John Bruce, judge of the United States circuit and district courts for the Northern district of Alabama, appearing by counsel before this honorable court, hereby makes his return, and for cause why the peremptory writ of mandamus, as prayed for in the petition of said Milton Humes and Addison White, should not be issued, respectfully shows as follows:

"That the mandate of this honorable circuit court of appeals in the case of Charles M. McGhee and Henry Fink, receivers, plaintiffs in error, against A. J. McCarley, administrator, defendant in error, reciting the judgment of this court of May 22, 1900, affirming in all things the judgment previously rendered in said case at the April term, 1898, of the United States circuit court for the Northern district of Alabama, at Huntsville, at which term this respondent presided, was presented in open court and filed January 18, 1901, by counsel for said McCarley, administrator, at the adjourned January term, 1901, of said United States circuit court for the Northern district of Alabama, at Huntsville, which term was being held by Hon. Charles Swayne, assigned to that duty because of the physical disability of respondent. Said mandate commanded the judges holding said United States circuit court for the Northern district of Alabama to have such further proceedings in said case as according to right and justice and the laws of the United States ought to be had, the writ of error which had been sued out in said case by Charles M. McGhee and Henry Fink, as receivers of the Memphis & Charleston Railroad Company, notwithstanding. On the same day, January 18, 1901, there was also filed by counsel for said McCarley, administrator, an application for an order carrying into effect and executing said mandate against the defendants, McGhee and Fink, as receivers, and Milton Humes and Addison White, the sureties on their writ of error bond, which application was in words and figures as follows:

" '*   *   * Comes the plaintiff, A. J. McCarley, as the administrator of Zuma Allred, deceased, and shows to the court that Henry Fink and Charles M. McGhee, as receivers of the Memphis & Charleston Railroad Company, the defendants in the above-styled case, prayed and obtained a writ of error from the judgment and proceedings had in this court, touching said case, to the circuit court of appeals for the Fifth circuit of the United States, all of which fully appears from the records of this court; that the said defendants as principals, together with Milton Humes and Addison White as sureties, did on the 10th day of August, 1898, execute a writ of error bond, in

manner and form as required by law in such cases, in the sum of two thousand and eight hundred dollars, payable to the plaintiff, A. J. McCarley, as administrator of the estate of Zuma Allred, deceased; that said bond, together with the sureties thereto, was approved by Honorable John Bruce, judge of the said court. Said bond is here referred to and made a part of this application. Plaintiff further shows unto this court that said writ of error in the above-styled case has been duly considered, passed upon, and in all things determined and affirmed by the honorable circuit court of appeals for the Fifth circuit of the United States, as is shown by the mandate of said circuit court of appeals which has been filed in this court on this the 18th day of January, 1901, and is here now presented to this court as a part of this application. Plaintiff prays that, in accordance with the judgment and mandate of said circuit court of appeals, this court order an execution, in manner and form as required by law, to issue against the property, goods, and effects of said defendants, and Milton Humes and Addison White, their sureties on said writ of error bond, for the amount of the said judgment rendered in this court on the 13th day of April, 1898, to wit, two thousand six hundred and twenty-five dollars, with interest from said date at eight per cent. per annum, together with the costs of this court and the costs of the circuit court of appeals, and also all of the damages allowed upon said judgment rendered in this court, under the laws of the state of Alabama, to wit, ten per cent. on the amount of said judgment. And that notice of this application be given to said defendants, and Milton Humes and Addison White, sureties on said writ of error bond, to show cause, if any they have, why the prayer of this application should not be granted.

" 'Henry K. White, Attorney for Plaintiff.'

" 'I have this day, January 18, 1901, served copies of this application upon Humes, Sheffey & Speake, the attorneys of record for Charles M. McGhee and Henry Fink, as the receivers of the Memphis & Charleston Railroad Company, the defendants, and upon Milton Humes and Addison White, the sureties on their writ of error bond, in person, and have given them notice that this application will be called up for hearing Saturday, January 19, 1901, at 10 o'clock a. m. Witness my hand this January 18, 1901.

" 'Henry K. White.'

"The averment of petitioners in their petition for a mandamus that summary judgment was entered against them without hearing them in defense is not strictly true, because counsel for said McCarley, administrator, did call up said application for hearing Saturday, January 19, 1901, at 10 o'clock a. m.; and at said hour Milton Humes and Addison White appeared in open court in person and by counsel, and resisted said application for an order in execution of the mandate upon two grounds, which were orally suggested to the court, viz.: (1) That the judgment from which the writ of error had been sued out to this honorable court of appeals was null and void, because said McGhee and Fink had been discharged as such receivers at the time such judgment was rendered; (2) that the writ of error bond had not operated as a supersedeas. Oral argument in open court was made by Milton Humes in resistance to the application for the execution of said mandate, but, after hearing some argument both for and against said application, the Honorable Charles Swayne made, January 19, 1901, in open court, an order upon said mandate in words and figures as follows:

" '* * * In this cause, it appearing to the court, upon an inspection of the mandate from the United States circuit court of appeals for the Fifth circuit, which mandate has been filed by the clerk of this court on the 18th day of January, 1901, that the judgment of this court has been in all things sustained and affirmed upon a writ of error to said United States circuit court of appeals, wherein Charles M. McGhee and Henry Fink, as receivers of said Memphis & Charleston Railroad Company, were the plaintiffs in error; and it further appearing to the court, from an inspection of said mandate, that said plaintiffs in error, and Milton Humes and Addison White, the sureties on their writ of error bond, have been condemned to pay the costs of this cause in said circuit court of appeals, for which execution may be issued out of this court: Now, therefore, upon inspection of said mandate, and upon

application which has been filed January 18, 1901, by the plaintiff, A. J. Mc-Carley, as such administrator as aforesaid, for an order for execution according to said mandate against the defendants and the sureties on their writ of error bond, copies of which application have been duly served upon the defendants and said sureties, and upon the motion of the attorney for said plaintiff, it is considered, ordered, and adjudged by this court that said mandate, together with this order, be spread upon the minutes of this court, and be made a part of the record in this cause; and it is further considered, ordered, and adjudged that the plaintiff, A. J. McCarley, as administrator of Zuma Allred, deceased, have and recover of the defendants, Charles M. McGhee and Henry Fink, as receivers of the Memphis & Charleston Railroad Company, and Milton Humes and Addison White, the sureties on their writ of error bond, the sum of twenty-eight hundred dollars, being the amount of the penalty named in said writ of error bond, and covering the judgment rendered by this court on the 13th day of April, 1898, for two thousand six hundred and twenty-five dollars, and one hundred and seventy-five dollars interest thereon; the excess of interest and costs upon said judgment against said receivers not to be satisfied by the collection of the execution which is hereby ordered against the sureties, on said writ of error bond. The clerk will suspend the issuance of execution for thirty days from the date of this order. Done in open court this 19th day of January, 1901. Charles Swayne, Judge.'

"That afterwards, within thirty days from January 19, 1901, and while the same term of court was yet open, but after the Honorable Charles Swayne had finished the business of the court and gone home, said Milton Humes and Addison White, as sureties upon the writ of error bond of McGhee and Fink, as receivers, filed a written motion in the office of the clerk of the United States circuit court at Huntsville to review, set aside, and annul Judge Swayne's order of January 19, 1901, directing execution against them as such sureties, upon the same grounds which they had orally suggested to Judge Swayne in resistance to the application for said order, viz: (1) That the original judgment from which the writ of error had been sued out was void because the receivers had been discharged when that judgment was rendered; (2) that the writ of error bond had not operated as a supersedeas, because no copy of the writ of error had been lodged for the adverse party in the office of the clerk within sixty days after the judgment appealed from. This written motion was presented ex parte by the movants, within said thirty days, to respondent at chambers in Montgomery, Alabama, and he there and then made an order thereon, continuing said motion for hearing at the April term, 1901, of the United States circuit court at Huntsville, and further suspending execution of said mandate until this motion should be heard. That respondent was unable, by reason of illness, to hold the April term of the United States circuit court at Huntsville, and the Honorable Harry T. Toulmin was assigned to hold said court, and said motion of Milton Humes and Addison White was then and there heard by him upon lengthy oral arguments on both sides, and elaborate briefs subsequently furnished on both sides, and was taken under advisement by him from the day of the oral argument, April 5, until April 10, 1901, when he overruled said motion upon both the grounds contended for, and filed a written opinion thereon, a copy of which opinion is here presented to this court, and referred to, and asked to be taken and considered as a part of this return, to which it is attached as an exhibit. That afterwards, on the 18th day of April, 1901, said Milton Humes and Addison White, by their counsel, presented to respondent at chambers in Montgomery, Alabama, their petition for a writ of error to review the order of January 19, 1901, made by the Honorable Charles Swayne in open court, executing and carrying into effect the mandate of this honorable court, by again carrying up the record in the case of McCarley, administrator, against McGhee and Fink, as receivers, to this honorable circuit court of appeals. The allowance of said petition for a writ of error was resisted by counsel for McCarley, administrator, and the right to writ of error or appeal from such order was argued orally by counsel on both sides, and legal decisions upon said question by the United States supreme court and by the circuit courts of appeals were cited and

quoted against the allowance of the writ of error; and, after hearing said arguments upon the question, respondent, in the exercise of legal judgment and judicial discretion, decided that appeal or writ of error did not lie from the order of January 19, 1901, made by Honorable Charles Swayne, holding the United States circuit court at Huntsville, in execution of the mandate of this court, and respondent thereupon refused to allow said writ of error.

"Wherefore respondent says, firstly, that petitioners have no right to the writ of mandamus, because the facts here set forth show that no appeal or writ of error lies, as a matter of legal right, from the judgment or order of Judge Swayne of January 19, 1901, simply executing and carrying into effect the mandate of this appellate court. And wherefore respondent says, secondly, that petitioners have no right to the writ of mandamus, because, even if the facts here set forth fail to show that appeal or writ of error does not lie as a matter of legal right from such judgment or order of January 19, 1901, executing the mandate of this appellate court, said facts absolutely show that respondent, in refusing to allow said writ of error, acted in the exercise of his judicial discretion, and no writ of error can be issued to control such discretion. And respondent further says, thirdly, that no bill of exceptions to the rulings and judgment of the Honorable Charles Swayne in making the order of January 19, 1901, in execution of the mandate of this court, was ever tendered by petitioners, Humes and White, and it is now too late for any bill of exceptions to be signed: and the printed transcript of the record in the case of McGhee and Fink, as receivers, plaintiffs in error, against McCarley, as administrator, defendant in error, No. 763 in this court, and the mandate of this court and application which were filed in the United States circuit court at Huntsville, January 18, 1901, and the order made thereon by the Honorable Charles Swayne, January 19, 1901, which are each set out in this return, constitute the entire record which could be presented to and inspected by this court upon the writ of error now sought by petitioners; and respondent submits that there is no error in such record, and a writ of error would therefore be a vain thing, useless and unavailing to petitioners, wherefore the peremptory writ of mandamus to respondent to allow such writ of error should not be granted. And respondent further says, fourthly, that the petitioners, Milton Humes and Addison White, have no right to the writ of mandamus in this matter, because, if they are in reality injured by Judge Swayne's order of January 19, 1901, executing the mandate of this court, and are thereby deprived of any legal or equitable rights, they have (1) an adequate remedy to correct and repair such injury by a bill in the nature of a bill of review of such order or judgment, which petitioners have the right to sue out within six months from the entry of such judgment or order, January 19, 1901, the same time within which they could sue out a writ of error, if it were allowable, such bill being akin in its purposes to writ of error; by such bill they could establish and enforce their right, if any they have, to recover back from said McCarley any money which they might be compelled to pay under said execution, and which might be received by McCarley as such administrator; and they have (2) an adequate remedy, by a bill for subrogation, to be subrogated to all the securities, liens, rights, and remedies which the creditor, McCarley, as administrator, has or could have to enforce the payment of his judgment against McGhee and Fink, as receivers; and they have (3) an adequate remedy by motion for summary judgment against their principals in said writ of error bond, under sections 3880 and 3881 of the Code of Alabama; and they have (4) an adequate remedy by petition in the equity cause of Farmers' Loan & Trust Company v. Memphis & Charleston Railroad Company, in the circuit court of the United States for the Northern district of Alabama, at Huntsville, in which cause Charles M. McGhee and Henry Fink were appointed receivers of said railroad company, and in which cause all the properties of said railroad company were sold to the Southern Railway Company to pay the first mortgage trust bonds of said Memphis & Charleston Railroad Company. Respondent states to this court that said equity cause is still kept open upon the docket of the United States circuit court at Huntsville, which court still retains jurisdiction to retake and seize any property of the Southern Railway Company purchased by it at

said judicial sale of the Memphis & Charleston Railroad Company's property, for the purpose of enforcing any liabilities which were incurred by said receivers before said judicial sale; and that the liability of McGhee and Fink, as receivers in the case of McCarley as administrator, was incurred by them before their discharge as receivers, and before said judicial sale, and suit was brought by McCarley, as administrator, to enforce said liability long before the discharge of said receivers, which discharge was decreed February 28, 1898, and that the judgment was obtained by McCarley, as administrator, April 13, 1898, long before the expiration of the six months from the final decree discharging said receivers, within which it was provided that claims against said receivers should be filed and proved before the special master appointed in said equity cause, for the purpose of taking proof of claims against said receivers. These four, as stated, are the causes and reasons which respondent shows to this honorable court why the peremptory writ of mandamus should not issue, commanding him to allow the writ of error petitioned for by said Milton Humes and Addison White; but respondent respectfully defers and submits to the judgment of this honorable court, and will make any order directed by this court in the premises. Respondent now, in closing his return, prays that only such orders as are lawful and right may be made in the premises by this honorable circuit court of appeals, and that he may be hence dismissed, with his reasonable costs in this behalf most wrongfully sustained, including, besides the items of court costs, an allowance against the petitioners, Milton Humes and Addison White, for respondent's counsel fees for the preparation, presentation, and argument of his return to the alternative writ of mandamus in this case, in the amount of $200.00, which this respondent says is a fair, reasonable, and just compensation to his counsel for such services.      John Bruce,

"Judge of U. S. Circuit and District Courts for Northern Dist. of Alabama,
"By H. K. White, His Attorney."

"Exhibit A.

"Circuit Court of the United States for the Northern Division of the Northern District of Alabama. A. J. McCarley, Administrator, etc., vs. Chas. M. McGhee and Henry Fink, Receivers of the M. & C. R. R. Co.

"Toulmin, District Judge. This is a motion by the sureties on the writ of error bond in the above-entitled cause to set aside and vacate the judgment rendered against them at a former term of the court. This motion was made at that term, and was duly continued by the court. The motion is based on the contentions (1) that the original judgment from which the writ of error was taken is null and void; (2) that the bond known as the 'Writ of Error Bond' did not operate as a supersedeas. It is contended by the movants that the judgment against said receivers was null and void, because rendered against them after they had been discharged; and that no 'copy' of the writ of error was lodged with the clerk of the court, and for that reason the writ of error did not operate as a supersedeas.

"It appears from the record evidence that McGhee and Fink were appointed receivers in the equity cause of Samuel Thomas versus M. & C. R. R. Co., and subsequently in the cause of Farmers' Loan & Trust Company versus Same, and that they were sued as receivers in Thomas versus M. & C. R. R. Co. It further appears from the record that the said receivers had not been discharged as such in the Thomas Case at the time the judgment of McCarley, administrator, against them was rendered by the circuit court, but that they had been discharged from further administration of the property in their hands at the time said judgment was affirmed by the circuit court of appeals. At the time this motion was argued my opinion was that the judgment complained of was valid, and I have since seen no reason to change my opinion. The second proposition contended for by the movants was not so clear, and the question was taken under consideration, and has been given such examination as my time would allow. The judiciary act of 1789 provided that a writ of error 'shall be a supersedeas and stay execution in cases only where the writ is served, by a copy thereof being lodged for the adverse party, in the clerk's office, where the record remains, within ten days after rendering the judgment complained of.' Several decisions have been

rendered by the supreme court under this act, wherein it was held 'that the effect of the writ as a supersedeas depended upon compliance with the conditions imposed by the act, and that, under the act, lodging of the copy of the writ for the adverse party in the clerk's office was indispensable.' These decisions have been cited by the movants in support of their contention. At common law a writ of error was a supersedeas by implication (2 Enc. Pl. & Prac. 1212), but since the act referred to a service of the writ is essential to its operation as a supersedeas. The act of 1789 provided that it shall be a supersedeas in cases only where the writ is served by a copy thereof being lodged for the adverse party in the clerk's office. By act of 1872 (17 Stat. 198, § 11) it was provided that any party desiring to have any judgment reviewed on writ of error, and to stay proceedings thereon during the pendency of such writ of error, may give the security required by law therefor within sixty days after the rendition of the judgment. In Telegraph Co. v. Eyser, 19 Wall. 419, 22 L. Ed. 43, the supreme court held, in reference to this statute, 'that where an appeal was taken and the requisite security given within sixty days, a supersedeas follows as a matter of right.' In the opinion the court said: 'It is expressly declared that the supersedeas bond may be executed within sixty days after the rendition of the judgment. It is not said when the writ shall be served. The giving of the bond alone is made the condition of the stay. The section is silent as to the writ. The execution, approval, and filing of the bond is substantial. The filing of the writ is matter of form.' In this condition of the law the Revised Statutes were adopted, section 1007 of which provides that: 'In any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation. But if he desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterward with the permission of a justice or judge of the appellate court. And in such cases where a writ of error may be a supersedeas, execution shall not be issued until the expiration of the said term of sixty (ten days) days.' The supreme court in Kitchen v. Randolph, 93 U. S. 86, 23 L. Ed. 811, said: 'The revised section is not silent as to the writ, and it is said when it must be served. If the supersedeas is asked for when the writ is obtained, the writ must be sued out and served within sixty days, and the requisite bond executed when the citation is signed. The policy of the old law is thus restored, the only modification being in the extension of the time allowed for action. Sixty days are given instead of ten.' The old law in terms was not restored, but the policy of the old law was restored. That policy was that the defendant in error must have notice of the writ having been sued out. The policy of the old law requiring service of the writ is restored. Formerly service was to be effected within ten days. This is modified, and sixty days are now given. It will be observed that section 1007 of the Revised Statutes does not provide that a supersedeas shall be obtained in cases only where the writ of error is served by a copy thereof being lodged for the adverse party in the clerk's office, as was provided by the act of 1789, but the language of the revised section is, 'The defendant may obtain such supersedeas by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office.' He may serve the writ in that way. It is permissible for him to do so. But it is not provided in terms, and I think clearly not intended to mean, that the supersedeas may be obtained only where the writ of error is served by a copy thereof being lodged in the clerk's office. If such was the intention of the lawmakers, why so materially change the language used in the act of 1789 to that found in section 1007, Revised Statutes? The court in Kitchen v. Randolph, supra, says that, 'under the law as it now stands, the service of a writ of error is an indispensable prerequisite to a supersedeas,' not that the service of the writ in a particular manner is 'an indispensable prerequisite.' The service of the writ of error is substantial. The filing of it in the clerk's office is matter of form. We know, as a matter of observation

and practice, that the service is sometimes effected by personally serving the writ on the adverse party, as is ordinarily the case in the service of any process, and that it is sometimes effected by acceptance or acknowledgment of service by the counsel for the defendant in error. U. S. Nat. Bank v. First Nat. Bank, 24 C. C. A. 603, 79 Fed. 296. It does not appear whether the writ of error in this case was personally served, or that acceptance of service was had; but it does appear from the record that it was filed with the clerk of the court. I know of no statute and of no rule of court that requires the writ of error to be filed with the clerk. We find it filed with the clerk in this case, and we may well presume that it was so filed for the purpose of effecting service on the defendant in error. It does not appear whether it was a copy of the writ of error or not. It, however, served the purpose of a copy. There is no special virtue in a copy of the writ. If the writ may be served by lodging a copy thereof with the clerk, then surely it may be served by lodging the original writ itself. The service is the substantial act required to be done. The manner or mode of service is a matter of form."

John H. Sheffey, for petitioners.
H. K. White, for respondent.

Before PARDEE and McCORMICK, Circuit Judges, and PARLANGE, District Judge.

McCORMICK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The fact that the appellate court cannot entertain an appeal or writ of error until the same has been duly allowed shows conclusively that the right to an appeal or writ of error is not an unqualified one. The power and duty to allow a writ of error or an appeal, duly applied for in a proper case, conclusively implies the power and duty to refuse such applications in some cases. In the very nature of the case this must be so; otherwise, it would be in the power of the parties by successive applications to forge an endless chain of obstruction to the execution of any judgment. "An appeal will not be entertained by this court from a decree entered in the circuit court or other inferior court in exact accordance with our mandate upon a previous appeal. Such a decree, when entered, is in effect our decree, and the appeal would be from ourselves to ourselves. * * * The same rule applies to writs of error. * * * The effort of the appellant was to open the case below, and to obtain leave to file new pleadings, introducing new defenses. This he could not do. The rights of the parties in the subject-matter of the suit were finally determined upon the original appeal, and all that remained for the circuit court to do was to enter a decree in accordance with our instructions, and carry it into effect." Stewart v. Salamon, 97 U. S. 361, 24 L. Ed. 1044. "Instead of carrying our decree into execution ourselves, we sent it below for that purpose. * * * The order appealed from was in furtherance of our express directions, and may, with propriety, be considered part of our decree." Humphrey v. Baker, 103 U. S. 736, 26 L. Ed. 456. "Apart from these considerations, however, this is an appeal from a decree entered by the circuit court in conformity with the mandate from the circuit court of appeals for the Eighth circuit. That court took jurisdiction, passed upon

the case, and determined by its judgment that the appeal had been properly taken. If error was committed in so doing, it is not for the circuit court to pass upon that question. The circuit court could not do otherwise than carry out the mandate from the court of appeals, and could not refuse to do so on the ground of want of jurisdiction in itself or in the appellate court. Skillern's Ex'rs v. May's Ex'rs, 6 Cranch, 267, 3 L. Ed. 220; In re Washington & G. R. Co., 140 U. S. 91, 11 Sup. Ct. 673, 35 L. Ed. 339; Gaines v. Rugg, 148 U. S. 228, 241, 13 Sup. Ct. 611, 37 L. Ed. 432. And no rule is better settled than that an appeal from a decree entered by the court below in accordance with the mandate of the appellate court cannot be entertained. Stewart v. Salamon, 97 U. S. 361, 24 L. Ed. 1044; Humphrey v. Baker, 103 U. S. 736, 26 L. Ed. 456; Railway Co. v. Anderson, 149 U. S. 237, 13 Sup. Ct. 843, 37 L. Ed. 717. If the circuit court of appeals erred, or if, for any reason, its judgment could be held void, the appropriate remedy lay in a certiorari from this court to that court. American Const. Co. v. Jacksonville, T. & K. W. Ry. Co., 148 U. S. 372, 13 Sup. Ct. 758, 37 L. Ed. 486." Smelting Co. v. Billings, 150 U. S. 37, 14 Sup. Ct. 4, 37 L. Ed. 986. "The circuit court was correct in awarding execution against the company under the mandate. The judgment was originally against the receiver, to be paid in due course out of the assets in his hands, but the receiver had been discharged, and the property restored to the company, and the company had been substituted as the party to the writ of error here, and been made in all respects as liable to the defendant in error as if it had itself brought the writ. The judgment was made final by the order of this court, and was not again subject to be reviewed by the court below in the exercise of its equitable powers or otherwise. * * * The circuit court properly attempted to exercise no discretion in the premises, but discharged its duty by carrying the mandate into effect according to its terms. This court awarded execution against the company for the costs here, but it was for the circuit court to award execution for the amount of the judgment, as it was directed to do, and as it did, and interest was properly included at the rate which obtained under the law of Texas at the time judgment was rendered, the change in the law in that respect operating only prospectively. Inasmuch as its action conformed to the mandate, and there were no proceedings subsequent thereto not settled by the terms of the mandate itself, the case falls within the rule often heretofore laid down, and a second writ of error cannot be maintained." Railway Co. v. Anderson, 149 U. S. 241, 242, 13 Sup. Ct. 843, 37 L. Ed. 717. We had occasion to discuss at some length the questions we are now considering in Gordon v. Bank, 6 C. C. A. 125, 56 Fed. 790, 796. That case arose in the same-district in the state of Alabama from which this case comes, and much that we then said we deem pertinent to our present argument. In that state it is provided by statute, in cases for the recovery of money only, that, "if the supreme court affirms the judgment of the court below, it must render judgment against all or any of the obligors in the bond for the amount of the judgment affirmed, ten per cent.

damages thereon, and the costs of the supreme court." Referring to this provision of the state statute, we said in Gordon v. Bank:

"The statute of Alabama cannot by its own force control the practice of the supreme court or other courts of the United States, and it is not the practice of the supreme court of the United States, on affirmance of the judgment of a subordinate court, to make the judgment of that court the judgment of the supreme court, to be directly executed as such. In lieu thereof, its mandate issues to the court a qua commanding 'that such execution and proceedings be had in said cause as, according to right and justice and the laws of the United States, ought to be had, the said writ of error notwithstanding.' "

We did not undertake in that decision to settle the practice, and our language in the opinion says no more, and implies no more, than that the proceeding which had been had therein was such as gave the defendants in the judgment no ground of complaint. In the case we are now considering the language of the mandate sent down is identical with that just quoted from the practice of the supreme court, and the judgment of this court on which that mandate issued is expressed in this language:

"It is now here ordered and adjudged by this court that the judgment of the said circuit court in this cause be, and the same is hereby, affirmed. It is further ordered and adjudged that the plaintiffs in error, Charles M. McGhee and Henry Fink, receivers of the Memphis & Charleston Railroad Company, and the sureties on the writ of error bond herein, Addison White and Milton Humes, be condemned to pay the costs of this cause in this court, for which execution may be issued out of said circuit court."

The return of the respondent shows that, after the mandate of this court had been filed in the circuit court, the plaintiff in the judgment which had been affirmed applied to the circuit court to order an execution, in manner and form as required by law, to issue against the property, goods, and effects of the defendants, and Milton Humes and Addison White, their sureties on the writ of error bond, for the amount of the judgment, namely, $2,625, rendered in that court on the 13th day of April, 1898, with interest thereon at 8 per cent. per annum, together with the costs of the circuit court and the costs of the circuit court of appeals, and also all of the damages allowed upon said judgment rendered in the circuit court under the laws of the state of Alabama, to wit, 10 per cent. on the amount of said judgment; and that notice of this application be given to the defendants, and Milton Humes and Addison White, sureties on the writ of error bond, to show cause, if any they have, why the prayer of this application should not be granted. Upon which application the court ordered and adjudged "that said mandate, together with this order, be spread upon the minutes of this court, and be made a part of the record in this cause; and it is further considered, ordered, and adjudged that the plaintiff, A. J. McCarley, as administrator of Zuma Allred, deceased, have and recover of the defendants, Charles M. McGhee and Henry Fink, as receivers of the Memphis & Charleston Railroad Company, and Milton Humes and Addison White, the sureties on their writ of error bond, the sum of twenty-eight hundred dollars, being the amount of the penalty named in said writ of error bond, and covering the judgment rendered by this court on the 13th day

of April, 1898, for two thousand six hundred and twenty-five dollars, and one hundred and seventy-five dollars interest thereon, the excess of interest and costs upon said judgment against said receivers not to be satisfied by the collection on the execution which is hereby ordered against the sureties on said writ of error bond." This order is, in substance, a strict compliance with our mandate, and the matters sought to be interposed by the sureties on the writ of error bond of the petitioners here presented no cause which the circuit court could entertain and make the ground for refusing the application of the plaintiff in the judgment for process, or for imposing any qualification thereon other than the one it did impose, that the collection on the process against the sureties should not exceed the amount of the penalty in the bond on which they bound themselves.

We are not called upon in this case to suggest what cause, if any, the sureties might have shown in answer to the notice served on them in this case that should have prevailed to prevent the issuance of final process against them. We need say no more, and do say no more, than that the cause they offered was not good. The prayer of the petitioners for a mandamus should not be granted. The prayer of the respondent that he may be hence dismissed, with his reasonable costs should be granted. We express no views as to whether an allowance for the services of an attorney of a respondent in such cases as this may or may not, according to the facts and the given case, be adjudged as part of the costs against his adversary. We decline to make such allowance in this case.