### BROWN v. WALKER et al.

(Circuit Court, S. D. Iowa, C. D. January 11, 1898.)

JUDGMENT ON MANDATE—BILL FOR RELIEF AGAINST—LEAVE OF APPELLATE COURT.

Leave from the supreme court is not necessary to authorize a circuit court to entertain a bill to restrain the enforcement of its own judgment against the complainant, though such judgment was rendered on a mandate of the supreme court, where the ground alleged is that the complainant, though nominally a party to the action in which the judgment was rendered, was not in fact a party, and is not bound by the judgment; the purpose of such bill not being to review any question determined by the supreme court.

This is a bill by Anna L. Brown against James H. Walker and others to enjoin the enforcement of a judgment obtained by defendants against complainant. Heard on motion for preliminary injunction.

N. T. Guernsey, for complainant.

H. S. Robbins and Mr. Cavanaugh, for defendants.

SHIRAS, District Judge. The material facts of this case are as follows: In September, 1889, T. E. Brown, then a resident of Des Moines, Iowa, for the purpose of aiding the firm of Lloyd & Co., of Washington Territory, in obtaining credit, addressed a letter to James H. Walker & Co., of Chicago, Ill., in which he stated that $15,000 of bonds of the city of Memphis, which he had previously loaned Lloyd & Co., should remain as security for any claim held by Walker & Co. against Lloyd & Co. The latter firm became insolvent, and failed to pay their indebtedness to Walker & Co., and thereupon these parties brought a suit in equity in this court against Anna L. Brown, Willis S. Brown, and Edward L. Marsh, as administrators of the estate of T. E. Brown, to enforce an equitable lien upon the bonds as a security for the debt due the firm of Walker & Co. After the filing of the bill, it appeared that the bonds in question had been made a gift to Anna L. Brown by her husband, T. E. Brown, and thereupon an amendment to the bill was filed, making her a party to the suit in her individual right, and an appearance in her behalf was entered, and an answer was filed by Kauffman & Guernsey as her attorneys. When the amended bill was thus filed, Anna L. Brown was in England, and no personal service was had upon her of a subpœna or other notice of the filing of the amendment making her a party in her own right. That case was carried to the supreme court of the United States, and by that court it was held that Walker & Co. were entitled to an equitable lien on the bonds for the amount due them from Lloyd & Co., and the case was remanded to this court, in which a decree in accordance with the mandate from the supreme court was duly entered. See Walker v. Brown, 165 U. S. 654, 17 Sup. Ct. 453. The decree as entered establishes the right of Walker & Co. to a lien upon the bonds, as against Anna L. Brown in her individual right, as well as against the estate of T. E. Brown; and, as it appeared that, pending the proceedings, the bonds had been sold by Anna L. Brown, a personal judgment for the proper amount was entered against her. Thereupon the present bill was filed by Anna L. Brown against James H. Walker, ————————— Cummins, and Howard, co-partners, averring that the decree entered as above stated is not binding upon her, because she had no notice of the filing the amendment to the bill making her a party individually thereto; that the appearance entered on her behalf by Kauffman & Guernsey was without authority; that she has not, in fact, had her day in court; that, under the facts, her right to the bonds is superior to any claim on behalf of Walker & Co.; that execution is about to be issued on the judgment entered against her, and therefore she prays the issuance of a temporary injunction restraining the enforcement of the judgment until after the hearing on the merits, and that upon the hearing the judgment be set aside, and she be admitted to make defense to the claim of Walker & Co.

The principal question at issue upon the motion for a preliminary injunction is whether this court can entertain the bill filed without leave being granted by the supreme court. On behalf of defendants it is contended that this proceeding is merely ancillary to the original suit, being in effect a petition for rehearing or a bill of review, and that this court has not the right to entertain a proceeding, the purpose

of which is to set aside a decree ordered by the supreme court, and that the only mode of procedure is to apply in the first instance to the supreme court for leave to file the bill, and that court, if it deems the showing sufficient, will grant the leave, and by its order will determine whether the bill should be filed in the supreme court or in this court. Upon the oral argument of the matter the court was inclined to the view that, out of caution, the safer course would be to require the application for leave to file the bill to be made in the supreme court; but upon further reflection it does not seem necessary that the additional delay and expense should be incurred. It is clear that the supreme court would not undertake the hearing of the questions of fact that lie at the foundation of this proceeding, but would remit the matter to this court for hearing in the first instance; and therefore the sole question is whether it is within the power of this court to entertain this proceeding without leave being granted by the supreme court.

If the purpose of the bill was to obtain a rehearing upon some issue properly presented and decided in the original case, there would be force in the suggestion that, as the decree entered was so entered in obedience to the mandate of the supreme court, it was beyond the power of this court to entertain a petition for rehearing or bill of review, the purpose of which is to obtain a change or modification in the terms of the decree ordered by the supreme court. That is not the immediate purpose of the present proceeding, which is based upon the averment that Anna L. Brown was not in fact a party to the original case, that she is not bound by the decree entered, and that she has the right to restrain Walker & Co. from enforcing the decree against her. This issue was not involved in the case when it was submitted to the supreme court, and therefore it cannot be said, in any proper sense, that the purpose of this proceeding is to secure a rehearing upon any issue or matter decided by the supreme court in the original case. What is made to appear is that Walker & Co. have obtained a decree in this court, based upon a mandate from the supreme court, which in form is against Anna L. Brown, and that she now purposes to show that this decree is not binding upon her because she had never been brought in as a party to that suit. It is true that, in one sense, this proceeding is ancillary to the original case, in that the need for bringing it is caused by the entry of the decree against the present complainant; but the proceeding is, nevertheless, independent, in that the relief asked is based upon an issue not before the supreme court, and which has not been considered or determined by any court. In the cases of Pacific R. Co. v. Missouri Pac. Ry. Co., 111 U. S. 505, 4 Sup. Ct. 583; Johnson v. Christian, 125 U. S. 644, 8 Sup. Ct. 989, 1135; Kingsbury v. Buckner, 134 U. S. 675, 10 Sup. Ct. 638; and Robb v. Vos, 155 U. S. 38, 15 Sup. Ct. 4,—the supreme court clearly recognizes the right of a party to file a bill in equity for relief against judgments or decrees on the ground of fraud, want of notice, or other ground of equitable relief; and it is not suggested that in such cases it is necessary to apply for leave to the court in which the decree or judgment was rendered.

The conclusion reached is that this court can entertain the present proceeding without previous leave being granted by the supreme court, and that process for the enforcement of the judgment against Anna L. Brown should be stayed until the question presented by the bill herein is determined. It is therefore ordered that, upon the complainant herein filing a bond in the sum of $2,500, with sureties to be approved by the clerk of this court, conditioned for the payment of all costs and damages awarded against complainant by reason of said stay of process, the said defendants James H. Walker et al. are restrained from issuing process for the enforcement of the judgment in their favor until the further order of this court.