MARTIN et al. v. PEOPLE'S BANK OF BUFFALO, N. Y., et al.

(Circuit Court, E. D. North Carolina.   April 21, 1902.)

**1. APPEAL—LAW OF CASE—AMENDING DECREE AFTER AFFIRMANCE.**

Where a decree of the circuit court has been affirmed by the circuit court of appeals, the circuit court cannot review the action of the court of appeals, or entertain a petition to amend the decree.

**2. RES JUDICATA—VOLUNTARY APPEARANCE ON APPEAL.**

Where, in an action for partition of real property, the holder of a life estate in an undivided share of the property, who was not a party, voluntarily intervenes and presents his contention in the circuit court of appeals, he is bound by the decision of that court.

**3. PARTITION—INTEREST OF LIFE TENANT.**

Where a life tenant in an undivided share of real estate in North Carolina becomes a voluntary party in the circuit court of appeals to an action for partition of such property, his rights can be fully protected by the circuit court on a sale of the property, under St. N. C. c. 214, § 3, providing that in proceedings for partition of land a life tenant may join, and on a sale the interest on the value of the share of the life tenant shall be paid to him annually, or the value of such share during his probable life shall be ascertained and paid to him out of the proceeds of the sale.

This case now comes up on the petition of G. H. B. Martin and the East Coast Cedar Company.   The petition alleges:

That on the 28th October, 1898, the East Coast Cedar Company, being one of the tenants in common of about 167,000 acres of land in the state of North Carolina, known as the "Blount Patent," filed its bill of complaint against the other co-tenants, praying a partition of said lands. That the East Coast Cedar Company and two of the other tenants in common, whose interests it had contracted to buy, and who united with it, owned, together, an undivided interest of 18 per cent. of said lands. That the interest of the East Coast Cedar Company was one-fifteenth of the said land, derived from it by Charles L. Stickney, who inherited it from his mother, one of the heirs of Blount, the original patentee. That upon the hearing of said cause it appeared that John C. Stickney, the father of Charles L. Stickney, was still alive, and that he was tenant by the curtesy in this one-fifteenth, as survivor of his wife. That after the decree was entered in the circuit court John C. Stickney conveyed this tenancy by the curtesy to George H. B. Martin. That upon the hearing in the circuit court of appeals of the appeal (of the East Coast Cedar Company from the decree of the circuit court) Martin filed his petition asking leave to intervene in the cause, and especially asking that his interest be allotted to him in severalty. The opinion of the circuit court of appeals was filed November 8, 1901, affirming the judgment of the court below, and directing the sale of the property for partition. 49 C. C. A. 422, 111 Fed. 446. That this opinion does not mention the intervention of G. H. B. Martin, and decrees the sale of the entire property without provision for the protection of his rights. That this decree of the circuit court of appeals is erroneous, in respects to be pointed out hereafter, and will greatly injure the interest of the petitioner, who will be without remedy. The petition then states the error in the decree in ordering a sale of the lands instead of an allotment in severalty, and denies the power of the court to direct a sale over his protest and objection. The East Coast Cedar Company joins in this petition, basing its right "to ask that the proportionate share of the life tenant, Martin, shall be allotted to him in severalty, in order that the East Coast Cedar Company, the owner of the remainder, may not be subject to any suit or demand of said Martin, caused by a failure to allot his proportionate part to him in severalty." The petition alleges also that Martin and the East Coast Cedar Company have entered into an agreement providing that said life estate may be allotted to him in connection with the estate in remainder of the East Coast Cedar Company. The petition also incidentally

calls attention to the fact that the opinion of the circuit court of appeals is based on the presumption that the circuit court appointed commissioners, who went on the land and examined it, and the opinion declares "that this course has been preserved here, and is approved;" that the examination of the record will show that no commissioners were ever appointed to go on the land; and that the decree was made simply on depositions. The prayer of the petition is that Martin may be permitted to have his petition of intervention considered and passed upon by the court, so that his rights may be determined before a sale of the real estate, instead of leaving it uncertain whether he is entitled to share in the proceeds of sale or is permitted to file his petition for partition, or whether, by reason of his petition filed in the circuit court of appeals, he is entirely deprived of all relief. Upon the filing of this petition a rule was issued to the other parties to the suit, to show cause on a day certain "why the prayer of the petitioner be not granted and the decree amended in accordance therewith." The return to the rule has been made, and cause has been shown. It appeared at that hearing that the petitioners had applied to the supreme court for a certiorari when the decree of the circuit court of appeals was filed, and that their prayer was refused.

F. H. Busbee, for petitioners.

Norris Morey and Jas. E. Shepherd, for respondents.

SIMONTON, Circuit Judge (after stating the facts as above). This court has no right to inquire whether the circuit court of appeals erred in any particular, nor can it sit in review of that court. The petitioners could have prayed a rehearing, or could have invited the review by the supreme court. No inferior tribunal can afford them relief. It follows, therefore, that so much of the prayer of the petition as asks that the decree be amended cannot be entertained.

The decree of the court below, in a cause to which the East Coast Cedar Company was a party, after a full hearing, determined that the partition prayed for by that company could not be made in severalty, and could only be effected by a sale. To that decree John C. Stickney, the supposed life tenant, was not a party, and was not bound by it. Martin, the present petitioner, after the decree was made, purchased Stickney's interest. He was not bound by the decree. But having this immunity, he, of his own accord, intervened in the cause on appeal, took part therein with the appellants, was represented by counsel, and all points which he then contended for and now insists on were presented. The one question before the court was, could this partition be effectually made in severalty, or must it be made by a sale and the allotment of shares in money? On the one side were tenants holding 82 per cent. of the interest in the lands, and on the other side were the shares of the Phenix National Bank and Mary H. Brown, which, during the litigation, had been purchased by the East Coast Cedar Company, and a share of one-fifteenth in the land, the fee in which was in the East Coast Cedar Company in remainder, subject to the life estate of Stickney so purchased by Martin. The contention between these two sides was heard by the appellate court, and it decreed that a partition could only be made by a sale. Intervening as Martin did in the cause, he submitted himself to the jurisdiction of the court (President, etc., v. Merritt [C. C.] 59 Fed. 6), and is bound by its decision. He

made common cause with his tenant in remainder, and between them the whole fee was represented. The court below held that this estate in remainder must be included in the sale, and could not be set apart in severalty. The court could not decree that the life estate be set apart in severalty without also setting apart in severalty the estate in remainder. So their fortunes were bound together. And when the court ordered a sale of the whole tract, against the opposition of the remainder-men and the life tenant, the interests of the latter were concluded as well as the former. It is true that the petitioner Martin was not mentioned by name. He had been admitted into the case, and had been heard on the same side with the East Coast Cedar Company. The court was deciding a controversy, and in that controversy the affirmative was held by the majority co-tenants. Martin was in the company of the minority. The controversy was decided against him and his allies. The petitioner seems to be apprehensive that his rights will be destroyed if the prayer of his petition be not granted. The circuit court of appeals simply decided the controversy before it, holding that no partition in severalty could be made, and that the property be sold and the proceeds divided between the parties in interest in the proportion of their shares. The cause was remanded for such further proceedings as may be necessary. The case having been remanded to this court, it appears that the one-fifteenth of the land is represented by two of the parties to the cause. Of this one-fifteenth the petitioner Martin holds a life estate, and the remainder belongs to the East Coast Cedar Company. A sale of the whole has been ordered. In the proceedings ordering the sale the life tenant has joined. Section 3 of the act of 1887 (chapter 214 of the Statutes of North Carolina) provides exactly for such a case:

"Sec. 3. In all proceedings for partition of land whereon there is a life estate, the life tenant may join in the petition or proceeding and on a sale the interest on the value of the share of the life tenant shall be received and paid to such life tenant annually, or in lieu of such annual interest the value of such share during the probable life of such life tenant shall be ascertained and paid out of the proceeds to such life tenant absolutely."

The petitioner, of his own volition, has joined in the proceedings for partition. It is true that he did so for the purpose and with the hope of setting aside the decree of the circuit court, not only as it affected his own interest, but also as it affected the interest of his ally, the East Coast Cedar Company. But, having joined in the proceedings, he necessarily took the consequences. So, in the further proceedings ordered by the appellate court, the circuit court can provide ample protection for the petitioner, and give him all that the state statute has given to life tenants in the same circumstances.

The petition is dismissed.