BOOTH v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 3, 1907.)

No. 230.

1. POST OFFICE—USE OF MAILS TO DEFRAUD—CONSOLIDATION OF INDICTMENTS.
Rev. St. § 1024 [U. S. Comp. St. 1901, p. 720], authorizes the consolidation for trial of indictments for using the mails to defraud under section 5480 [U. S. Comp. St. 1901, p. 3696], notwithstanding the fact that such indictments charge offenses not committed within the same six months and which could not be joined in one indictment under the latter section, and in the aggregate more than the three offenses which may be so joined.

2. CRIMINAL LAW—PROCEDURE—CONSOLIDATION OF INDICTMENTS.
The reversal of a judgment of conviction in a criminal case and the remanding of the case for a new trial generally leaves the trial court free to proceed as though the cause had never been tried, and it may consolidate other indictments for trial with those upon which the first trial was had.

[Ed. Note.—Consolidation of and trial of indictments together, see note to Dolan v. United States, 69 C. C. A. 287.]

In Error to the District Court of the United States for the Western District of New York.

Edward Lynn, for plaintiff in error.
Lyman M. Bass, for defendant in error.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. The plaintiff in error was convicted of having devised a scheme to defraud by sending communications through the

mail, in violation of section 5480 of the Revised Statutes [U. S. Comp. St. 1901, p. 3696], and the assignments of error raise two points:

1. After a conviction and sentence under indictments numbered 315, 316, and 317, which had been consolidated by order of the court below, the judgment was reviewed by this court upon writ of error, and was reversed, and remanded to the court below "for a new trial, and such proceedings as according to right and justice and the laws of the United States ought to be had," and a mandate accordingly was issued to the court below. Subsequent to the filing of this mandate in the court below, a further indictment was found by the grand jury, numbered 366. The latter indictment charged offenses some of which were committed at later dates than those which were the subject of the earlier indictments.

Before the trial the district attorney moved to consolidate the latter indictment with the others. This motion was granted by the court; and against the objection of the defendant, a new trial was had upon all the indictments consolidated, and the defendant was convicted upon all.

We think there was no error in allowing the consolidation of the indictments and the trial upon all the counts. Section 1024 of the Revised Statutes authorizes the consolidation of such indictments, notwithstanding the aggregate offenses are more in number than can be joined in one indictment under section 5480 (In re Henry, 123 U. S. 372, 8 Sup. Ct. 142, 31 L. Ed. 174), and, this being so, it is immaterial that all the offenses charged may not have been committed within the same six months. No more than three, committed within the same six months, can be joined in one indictment, and this is the only respect in which section 5480 infringes upon the ordinary procedure or pleading in criminal cases.

The terms of the mandate did not restrict the power of the court below to the trial of the original issues. They left the court free to proceed as though the cause had never been tried.

2. We have examined the record with care to ascertain whether the evidence, admitted against the defendant's objections, concerning offenses other than those charged in the indictments, related to such as were sufficiently similar in character, and sufficiently related in time to be material as bearing upon the quo animo or fraudulent intention of the defendant in the transactions which were charged as offenses in the indictment, and are satisfied that it was admissible.

The judgment is affirmed.