PEAVY-BYRNES LUMBER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16354. Promulgated January 3, 1935.

*S. L. Herold, Esq.*, and *John B. Files, Esq.*, for the petitioner. *John E. Marshall, Esq.*, for the respondent.

### OPINION.

TRAMMELL: This case is now before us on a mandate of the United States Circuit Court of Appeals for the Fifth Circuit, in connection with which petitioner has presented a motion for leave to raise new issues by way of amendment to its pleadings, and to offer additional evidence in support thereof.

The Board's original report was promulgated December 7, 1928 (14 B. T. A. 625), and pursuant thereto judgment was entered September 12, 1929. This proceeding, together with consolidated companion cases, was taken on appeal to the Circuit Court, which, on June 30, 1931, affirmed the Board's decision on the issues of affiliation and denial of deductions for dividends, but reversed it on the issues of invested capital and depletion under the Krause-Managan contract, and remanded the cause for further proceedings not inconsistent with the court's opinion (51 Fed. (2d) 163).

Pursuant to the mandate, further proceedings were had at which petitioner offered additional evidence with respect to valuations

under the Krause-Managan contract, and on January 18, 1932, the Board promulgated a supplemental report at 25 B. T. A. 223.

Subsequently, on application of the respondent, the Supreme Court granted certiorari to the Circuit Court on the issue of affiliation, and on April 18, 1932, reversed the decision of the Circuit Court and of the Board on that issue, and remanded the cause for further proceedings (286 U. S. 524).

On November 10, 1932, the Board entered its decision in accordance with its interpretation of the decisions and mandates of the Circuit Court of Appeals and the Supreme Court. Petitioner again appealed, and on March 17, 1934, the Circuit Court reversed the Board's decision and remanded the case "with directions to redetermine petitioner's tax liability in accordance with its finding of $665,000 as the fair value of the stock, the cost of the timber, as of July 28, 1913, when the exchange was made." (69 Fed. (2d) 712.)

On April 16, 1934, the Board of its own motion set the case down for hearing on final decision in accordance with the views expressed in the opinion of the Circuit Court rendered March 17, 1934, and directed that prior to such hearing the parties file recomputations of the tax in accordance with the court's mandate.

The recomputations were duly filed and the parties are in agreement as to the tax liability thereunder, but at the hearing petitioner lodged with the Board a motion for leave further to amend its petition so as to claim deductions for depletion in excess of the amounts allowed by the respondent on timber cut by petitioner during the years 1916, 1917, and 1918, in addition to the timber acquired under the Krause-Managan contract.

The parties filed at the hearing a written agreement which sets forth the number of feet of timber, outside of the Krause-Managan contract, cut by the petitioner during said years, and further stipulates that petitioner's correct tax liability for the years 1916, 1917, and 1918 is as shown in the computation filed by respondent on May 15, 1934, subject to a further allowance for depletion on the timber cut outside of the Krause-Managan contract in said years, "if the Board now has the right to adjudicate the matter of a further allowance for such depletion."

The petitioner also seeks to set up a claim and have the Board determine its right to certain credits to which petitioner asserts it is entitled in respect of payments alleged to have been made to the collector of internal revenue which respondent has not reflected in computing the unpaid balance of the tax liability.

Petitioner's motion was taken under advisement, ruling on the amendment being reserved, but, in order to expedite decision of the case, the parties were permitted to tender and record evidence respecting the cost basis of the timber on which additional depletion is

claimed by the petitioner, as well as the matter of additional credits claimed by petitioner, subject to our decision on the question of our power or jurisdiction at this time to adjudicate these matters.

Respondent vigorously resists petitioner's motion on the ground that we have no power in the present circumstances to grant the same or to take any action not clearly within the purview of the Circuit Court's mandate, while petitioner contends that we have such jurisdiction.

Thus the question is squarely presented whether we now have authority to take effective action on petitioner's motion, and, if so, whether within our sound discretion it should be granted.

This proceeding is before us on the mandate of the Circuit Court, which specifically directs us to redetermine the petitioner's tax liability in accordance with our prior finding of $665,000 as the fair value of the stock, which represents the cost of the timber when it was exchanged for the stock as of July 28, 1913. May we, then, go beyond the express directions of the mandate and permit the petitioner at this time to amend its pleadings so as to set up wholly new issues not heretofore raised and considered by us or the Court of Appeals and in respect of which it would be necessary to allow introduction of additional evidence? Solely for the convenience of the parties such additional proof has been recorded, but has not yet been received for consideration.

The rule seems to be well settled by the weight of authority that an inferior tribunal, upon remand of a cause by an appellate court, can not take any action not reasonably within the express or implied directions of the reviewing court. Upon entry of our decision on November 10, 1932, the proceeding was fully and finally disposed of so far as concerned this Board, and upon appeal to the Circuit Court our general jurisdiction over the case then and there was ended. When our decision was reversed and the case remanded our jurisdiction was restored only to the extent necessary to carry out the court's directions. The case of *In re Sanford Fork & Tool Co.*, 160 U. S. 247, 255, clearly states the rule as follows:

When a case has been once decided by this court on appeal, and remanded to the Circuit Court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The Circuit Court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. The court can not vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.

To the same effect see also *In re Potts*, 166 U.S. 263; *D'Arcy* v. *Jackson, etc., Co.*, 212 Fed. 889; *Goldwyn Pictures Corporation* v. *Howels Sales Co.*, 287 Fed. 100.

It is obvious, we think, that petitioner is here seeking for the first time " other and further relief " not accorded by the decision of the Circuit Court, and this, the Supreme Court plainly says, can not be given by the trial court, which is bound to carry the decree of the reviewing court into execution, according to the mandate.

A trial court is vested with discretion to permit amendments to the pleadings and to admit further proof only when such proceedings are authorized by the mandate of the appellate court, as in cases where the trial court has entered a judgment of dismissal for lack of jurisdiction or insufficiency of pleading, and the judgment is reversed and the cause remanded with directions by the higher court.

So it has been held that where a decree is reversed with a *procedendo* or directions that further proceedings be had in conformity with, or not inconsistent with, the opinion of the appellate court, or a new trial is ordered,[1] the court of first instance has plenary authority to allow amendments,[2] consolidation with another case,[3] and further proof,[4] except in so far as the opinion or mandate specifically forbids. When there is provision for a *procedendo* the trial court may then exercise its own judgment upon questions of law not considered by the appellate court,[5] and when the mandate grants leave to both sides to adduce further evidence, leave to file supplemental pleadings may be granted by the trial court.[6] But an amendment cannot be allowed by the trial court where further proceedings are not directed.[7] The mandate must be interpreted according to its subject matter; and the decree of the appellate court, as well as that of the court below, may be taken into consideration in the interpretation thereof.[8]

The instant case was not remanded by the Circuit Court with a *procedendo* or directions that further proceedings be had in conformity with or not inconsistent with its opinion, but we are specifically directed to redetermine the petitioner's tax liability upon a definite basis stated both in the court's opinion and the mandate. We have been given no discretion. In effect the case has been remanded for the sole purpose of our making a mathematical calculation according to the formula stated in the mandate, and entering judgment in accordance therewith.

---

[1] *Brown* v. *Walker,* 84 Fed. 532.

[2] *Marine Ins. Co.* v. *Hodgson,* 6 Cranch, 206; *Hawkins* v. *Ry. Co.,* 99 Fed. 322; *Potts* v. *Creager,* 71 Fed. 574; *Pennsylvania Steel Co.* v. *Ry. Co.,* 198 Fed. 731, 755.

[3] *Booth* v. *United States,* 154 Fed. 836.

[4] *Potts* v. *Creager,* 71 Fed. 574.

[5] *Schneider Granite Co.* v. *Gast Realty, etc., Co.,* 245 U. S. 288; *Arkadelphia Co.* v. *Ry. Co.,* 249 U. S. 134.

[6] *Rio Grande, etc., Co.* v. *United States,* 215 U. S. 266.

[7] *Martin* v. *Peoples Bank,* 115 Fed. 226.

[8] *Mitchell* v. *United States,* 15 Pet. 52; *Mackall* v. *Richards,* 116 U. S. 545.

Petitioner contends that, except as to the matters decided on appeal, no instructions were given by the Circuit Court, and that except as to those matters the case is now before us at large. In support of this theory, the petitioner cites a number of cases. The cited cases are not in point, since each involved remand with a procedendo and is in harmony with the principles above referred to, when considered in the light of all the facts of each case. For example, among the decisions so cited by the petitioner is the case of *In re Sanford Fork & Tool Co., supra*, and from the Supreme Court's opinion therein petitioner quotes on brief the following:

The Circuit [trial] Court may consider and decide any matters left open by the mandate of this court; and its decision of such matters can be reviewed by a new appeal only.

The *Sanford* case was heard by the trial court only upon the question of the sufficiency of pleading, the trial court holding the pleading insufficient. The Supreme Court on review held the pleading sufficient, reversed the judgment of the lower court, and remanded the cause for further proceedings not inconsistent with its opinion. And following the above quoted extract from its opinion, the Supreme Court, in order to make clear the scope of its decision, took the precaution of adding:

The case is quite different in this respect from those in which the whole case, or all but a subsidiary question of accounting, had been brought to and decided by this court upon the appeal, as in the cases principally relied on by the petitioner.

In the later case of *In re Potts*, 166 U. S. 263, 266, the Court after briefly reviewing its decision in the *Sanford* case, *supra*, remarked:

The case now in question comes exactly within the class of cases so referred to and distinguished. It was originally heard in the Circuit Court, not merely upon a question of sufficiency of pleading, but upon the whole merits.

\*      \*      \*      \*      \*      \*      \*

When the merits of a case have been once decided by this court on appeal, the Circuit Court has no authority, without express leave of this court, to grant a new trial, a rehearing, or to permit new defenses on the merits to be introduced by amendment to the answer. *Ex parte Story*, 12 Pet. 339; *Southard* v. *Russell*, 16 How. 547; *Ex parte Dubuque & Pacific Railroad*, 1 Wall. 69; *Stewart* v. *Salamon*, 97 U. S. 361; *Gaines* v. *Rugg*, 148 U. S. 228.

On principle, we think the case of *Kansas City Southern Ry. Co.* v. *Guardian Trust Co.*, 281 U. S. 1 is closely analogous to the instant proceeding. In that case the Circuit Court of Appeals remanded with directions for the entry of a specific decree, with " costs." After receipt of the remand, the Guardian Trust Co. attempted to have the District Court award it judgment for attorney fees, cost of printing briefs, and other disbursements. Upon a second appeal, the

Circuit Court of Appeals reversed the decree of the District Court and again remanded the case with directions to the District Court to make proper allowances for costs as between solicitor and client. The Supreme Court reversed the decree of the Circuit Court of Appeals and affirmed the decree of the District Court, saying:

For the proper construction of the decree under consideration, regard is to be had to the issues before the court on appeal, the findings applied for and the directions given. The proposed findings and additional recovery extended to matters not before the court. The costs taxable as between party and party were involved on the appeal and the court reversed the decree of the lower court which charged one-third against the Trust Company. No question of costs as between solicitor and client had been raised below.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

And the opinion makes it clear that the decree directed to be entered below was intended to be an end of the whole matter. \*　\*　\*

The mandate required the execution of the decree. The District Court could not vary it or give any further relief. *In re Sanford Fork & Tool Co.*, 160 U. S. 247, 255. *Gaines* v. *Rugg*, 148 U. S. 228, 241. *In re Washington & Georgetown R. Co.*, 140 U. S. 91, 96. *Ex parte Union Steamboat Company*, 178 U. S. 317, 319.

The mandate in the present case specifically directs us to redetermine petitioner's tax liability upon the definite basis stated, and makes it clear, we think, no less than in the above cited case, that the judgment directed to be entered is intended to be an end of the whole matter. We can not, therefore, vary it or give any further relief.

The mandate of the Circuit Court of Appeals here in question commands " that such execution and further proceedings be had in said cause as according to right and justice, and the laws of the United States ought to be had, the said petition for review of the decision of the U. S. Board of Tax Appeals notwithstanding." However, this does not authorize us to depart in any respect from the judgment and mandate of the appellate court, as construed in the light of its opinion. This is made plain by the decision of the Supreme Court in the case of *In re Washington & Georgetown Railroad Co.*, 140 U. S. 91, where the Court said:

The command of the mandate of this court, that such execution and proceedings be had in said cause as, according to right and justice and the laws of the United States, ought to be had, the said writ of error notwithstanding, did not authorize the general term of the Supreme Court of the District to depart in any respect from the judgment of this court.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

The principle has been well established, in numerous cases, that, on a mandate from this court, containing a specific direction to the inferior court to enter a specific judgment, the latter court has no authority to do anything but to execute the mandate. *Ex parte Dubuque & Pacific Railroad*, 1 Wall. 69; *Durant* v. *Essex Company*, 101 U. S. 555, 556.

In *Kansas City Southern Ry. Co.* v. *Guardian Trust Co.*, *supra*, the mandate referred to in the Supreme Court's opinion reads in material part as follows:

On consideration whereof, it is now here ordered, adjudged and decreed by this Court, that the decree of the said Circuit Court, in this cause, be, and the same is hereby, reversed with costs; and that the Guardian Trust Company have and recover against the Kansas City Southern Railway Company, * * * the sum of One Thousand and Forty-Six and 45/100 Dollars for its costs in this behalf expended and have execution therefor.

It is further ordered that this cause be, and the same is hereby, remanded to the said Circuit Court with directions to dismiss the supplemental bill of complaint for want of equity.

It is further ordered that a mandate be issued in this cause to the said Circuit Court in ten days from and after this date, April 2, 1909.

You therefore, are hereby commanded that such execution and further proceedings be had in said cause, in conformity with the opinion and decree of this Court, as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding.

The mandate in the case of *In re Potts*, *supra*, reads in material part as follows:

On consideration whereof, It is now here ordered, adjudged and decreed by this Court that the decree of the said Circuit Court in this cause be, and the same is hereby, reversed with costs: And that the said complainant recover against the said defendants, Frank F. Creager et al., five hundred and sixty dollars and fifty cents for its costs herein expended and have execution therefor.

And it is further ordered that this cause be, and the same is hereby, remanded to the said Circuit Court for further proceedings to be had therein in conformity with the opinion of this Court, January 7, 1895.

You, therefore, are hereby commanded that such execution and further proceedings be had in said cause, in conformity with the opinion and decree of this Court as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding.

The mandate in the case of *In re Washington & Georgetown Railroad Co.*, *supra*, reads in material part as follows:

On consideration whereof it is now here ordered and adjudged by this Court that the judgment of the said supreme court in this cause be, and the same is hereby, affirmed with costs, and that the said plaintiff * * * recover against the said defendant for his costs herein expended and have execution therefor. May 19, 1890.

You, therefore, are hereby commanded that such execution and proceedings be had in said cause as according to right and justice and the laws of the United States ought to be had, the said writ of error notwithstanding.

The mandate in the case at bar reads in material part as follows:

On consideration whereof, it is now here ordered adjudged and decreed by this Court, that the order of the said United States Board of Tax Appeals be, and the same is hereby, reversed; and that this cause be, and it is hereby remanded to the said United States Board of Tax Appeals with directions to

re-determine petitioner's tax liability in accordance with its finding of $665,000 as the fair value of the stock, the cost of the timber, as of July 28, 1913, when the exchange was made.

\* \* \* \* \* \* \*

You, therefore, are hereby commanded that such execution and further proceedings be had in said cause as according to right and justice, and the laws of the United States ought to be had, the said petition for review of the decision of the U. S. Board of Tax Appeals notwithstanding.

It will be observed that in the cases of *Kansas City Southern Ry. Co.*, *supra*, and *In re Potts*, *supra*, the decrees or judgments of the trial courts were reversed, and in the *Washington & Georgetown Railroad Co.* case the judgment was affirmed, but the mandate in each case contained substantially the same command as the mandate in the present case. In respect of the mandates, and without regard to whether the judgment below was affirmed or reversed and the cause remanded for further proceedings, the Supreme Court definitely laid down the following principles: (1) That when a case has been once decided by the appellate court *on the merits*, the trial court has no authority without express leave of the appellate court to permit amendments to the pleadings to raise new issues, or to give any other or further relief, or to take any action further than to settle so much as has been remanded; and (2) that the command of the mandate " that such execution and further proceedings be had as according to right and justice and the laws of the United States ought to be had " does not authorize the trial court to depart in any respect from the judgment or decree of the appellate court, and that the trial court " had no authority to do anything except to execute the mandate " in conformity with the opinion and decree of the appellate court. Clearly the command of the mandate in and of itself does not constitute a *procedendo*, but directs such further proceedings only as are required by the opinion and decree of the appellate court.

In the present case the mandate of the Court of Appeals, considered in the light of its opinion and decree, does not expressly or by implication authorize this Board to permit amendments to the pleadings to raise new issues, nor to admit new evidence or grant other and further relief, except such as may result from a redetermination of the petitioner's tax liability on the basis stated in the opinion and mandate of the court. The mandate must be executed in conformity with the opinion and decree of the court, and beyond that we may not go.

The conclusions here reached are plainly not in conflict with our decision in *II. II. Champlin*, 31 B. T. A. 587, where we held that an alternative issue raised before trial, which was not decided by the Board but expressly reserved because the primary issue upon which the alternative depended was decided in favor of the pleader, was within the Board's power to decide after the decision on the primary issue had been reversed by the Circuit Court of Appeals and the case remanded for further proceedings consistent with the court's opinion.

On authority of the cases above cited we hold that we now have no power to grant the relief sought by the petitioner, but if the exercise of such power were within our discretion, we are of the opinion that its motion for leave to amend and set up new issues at this time comes too late and should be denied.

The original petition was filed more than eight years ago, and prior to the first appeal petitioner had opportunity to and did in fact amend its pleadings a number of times. The original hearing was held more than six years ago, and the case has been twice reviewed by the Circuit Court of Appeals on the merits, and once by the Supreme Court of the United States on the issue of affiliation. Admittedly, all the facts upon which petitioner predicates its present claims to additional depletion and credits were in its possession prior to the first appeal, but no such issues were raised either in the original or amended pleadings. It is not the policy of the law to encourage or unduly prolong litigation, nor to permit a party to present his case piecemeal. New trials, rehearings, and the like are not granted except upon good cause shown, such as newly discovered evidence, subsequent court decisions which establish controlling legal principles, or other matters of which the parties could not by the exercise of reasonable diligence have availed themselves at the original trial. No such matter is presented in the instant case.

Reviewed by the Board.

> *Judgment will be entered in accordance with the recomputation filed by the respondent on May 15, 1934.*