Consumers Credit Rural Electric Cooperative Corporation v. Commissioner.
Consumers Credit Rural Electric Cooperative Corp. v. Commissioner
Docket No. 82879.
United States Tax Court
T.C. Memo 1964-29; 1964 Tax Ct. Memo LEXIS 307; 23 T.C.M. (CCH) 149; T.C.M. (RIA) 64029; February 7, 1964
Philip P. Ardery, Kentucky Home Life Bldg., Louisville, Ky., for the petitioner. Arthur Clark, Jr., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The case is presently before us on a remand by the Court of Appeals for the Sixth Circuit. Our original Findings of Fact and Opinion in this proceeding was reported in 37 T.C. 136. The case involves petitioner's 1957 income tax. In the operation of its business petitioner acquired notes and conditional sales contracts *308 executed by appliance purchasers and transferred by dealers first to petitioner's members (all rural electric cooperative associations) and then to petitioner. Petitioner in turn forwarded the balance due on the purchase represented by the face amount of the note or contract to the member cooperative or the dealer. Repayments of the notes at interest (with the local cooperative doing the collecting for petitioner) resulted in petitioner's receipt of income. In its 1957 income tax return petitioner reported receipt of income in the total sum of $74,349.11 which was all derived from such financing activities as above outlined. In this return it listed deductions as follows: Compensation of officers
$13,168.37
Interest
32,309.68
Depreciation
860.17
Other deductions (business ex-
penses)
37,813.70
Total
$84,151.92
The return reported a net operating loss of $9,802.81. In the interest deduction above, there was included the sum of $22,011 paid as interest on petitioner's debentures. In his notice of deficiency respondent disallowed the interest on the debenture item in the sum of $22,011 (on the ground that the debentures held by members represented equity interests *309 in petitioner) and increased petitioner's income by $1,320.98 by accrual adjustments that are not disputed. In this manner respondent arrived at petitioner's taxable income for 1957 in the amount of $13,529.17, as follows: Taxable income as disclosed by
return
($ 9,802.81)
(a) Interest on debentures
22,011.00
(b) Additional income
1,320.98
$13,529.17
Respondent's determination then allows petitioner a net operating loss carry-over from 1956 in the amount of $4,263.90 and ends with a determination of taxable income for the year 1957 in the amount of $9,265.27 and a tax deficiency in the sum of $2,779.58. In its petition with respect to such 1957 determination, petitioner alleged as follows: 5. The facts upon which the Petitioner relies as the basis of this case are as follows: (a) The Petitioner is a non-stock, nonprofit cooperative at least 85% of whose income consists of amounts collected from members for the sole purpose of meeting losses and expenses. It has no taxable income and is fully qualified as exempt under Section 501(c)(12) of the Internal Revenue Code of 1954; (b) The payment of interest on the debentures issued *310 by Petitioner was in fact paid within the period here involved on indebtedness which Petitioner was unconditionally bound to pay and said payment constituted deductible expense within the meaning of Section 163 of the Internal Revenue Code of 1954; (c) Petitioner has not now, nor has it had during any year of its existence any taxable income within the meaning of the Internal Revenue Code of 1954. Respondent's answer filed October 9, 1959 was merely a general denial but it was amended in August 1960 to ask for an increased deficiency in the amount of $1,478.41. The increase was based upon respondent's allegation that he had committed error in computing the net operating loss carry-over deduction from 1956 to 1957. The error he alleged was that in computing the net operating loss carry-over from 1956 he had failed to disallow a deduction in petitioner's 1956 income tax return labeled: "Distribution to Members based upon Participation", in the sum of $3,052.44. The amended answer alleged the said sum was not an allowable deduction and accordingly petitioner's net operating loss for 1956 should be reduced by $3,052.44. [1] The reply alleged respondent committed *311 no error in failing to disallow the $3,052.44. In our opinion we held (1) that petitioner was not an organization exempt from tax under section 501(c)(12) of the 1954 Code, (2) that the payments on the debentures were not deductible as interest, and (3) that in computing the net loss carry-over from 1956 petitioner was not entitled to deduct $3,052.44 allocated on its books to its member cooperative associations as "Distribution to Members based on Participation". Upon appeal by petitioner to the Court of Appeals for the Sixth Circuit, that Court (319 F. 2d 475) affirmed our ruling upon the exemption issue and held our finding that the so-called interest payment was not a bona fide interest payment was a permissible finding. The appellate court then considered the third issue and held as follows: On the third issue considered by the Tax Court the Court pointed out that the exclusion from income of patronage dividends by nonexempt cooperatives rested upon the principle that the dividends in effect are *312 either rebates to patrons of a part of the price initially paid by them on purchases made through a cooperative purchasing organization, or additions to the prices initially paid by the cooperative to its patrons for products which the patrons had marketed through the cooperative. True patronage dividends are restricted to rebates or refunds on business transactions with its members. Any profits made on business transacted with nonmembers, which may be distributed to members are fully taxable. Pomeroy Cooperative Grain Co. v. Commissioner, 31 T.C. 674, affirmed on this issue, 288 F. 2d 326, 331, C.A. 8th. See Farmers Cooperative Co. v. Birmingham, 86 F. Supp. 201, 212-213, 217-225, 235-238, N.D. Iowa. The Tax Court ruled against the petitioner on this issue because in its opinion the patronage dividends allocated on its books to its member cooperatives represented a net profit from transactions with purchasers from appliance dealers rather than from transactions with member cooperatives, and that the member cooperative was nothing more than a conduit in carrying out the transaction. We are of the opinion that this ruling fails to take into *313 consideration the fact that the note executed by the purchaser of an appliance from a dealer was transferred by the dealer to the member cooperative with recourse, before the petitioner became a party in the transaction, and that the member cooperative thereafter transferred the note to the petitioner with recourse. Petitioner's transaction was with the member cooperative, from whom it purchased the note, not with the nonmember purchaser or dealer. If the maker of the note defaulted there was a liability on the part of the member cooperative to the petitioner, which it might or might not be able to recoup from the dealer, with litigation to enforce its right a possibility. We think this made the member cooperative more than a mere conduit and that the purchase of the note from the member cooperative was a separate transaction between the petitioner and its member cooperative within the meaning of the rule. The ruling of the Tax Court on this issue in the case is reversed. Pursuant to the mandate of the United States Court of Appeals for the Sixth Circuit filed with the Tax Court on July 29, 1963 remanding this case "for further proceedings consistent with the views expressed in *314 the opinion" of the Sixth Circuit, we called upon the parties to submit computations or otherwise move with respect to the case. In response thereto respondent submitted his computation for entry of decision, as follows: Schedule 1
Adjustment to net income - 1957
Net income per Tax Court Decision
$14,193.31
Less: Additional net operating loss carry
over from 1956 now allowed in
accord with Decision of the
United States Court of Appeals
3,052.44
Corrected net income
$11,140.87
Schedule 2
Computation of Income Tax - 1957
Corrected net income
$11,140.87
Tax at 30%
3,342.26
Income tax previously assessed
None
Deficiency now determined
$ 3,342.26
Petitioner filed its objection to respondent's computation for entry of decision stating as follows: Petitioner hereby objects to respondent's computation for entry of decision and states as its alternative computation that there is no tax due from petitioner for taxable year 1957 or any other year for the reason that the amounts asserted to constitute taxable income by respondent have been allocated on the books of respondent as patronage dividends to its member cooperatives in accordance with the *315 opinion of the United States Court of Appeals filed herein and as such are excludable from taxable income. Informal hearing in Chambers was had by this Court and counsel for the parties orally argued in support of their computations and they have now supplemented their oral arguments by written briefs and arguments. Petitioner, in its brief on remand, argues that there is no deficiency for the year 1957 because under the ruling of the reversing opinion, even if the debenture interest payments are disallowed as deductible expenses, all amounts received in excess of expenses were required to be allocated to member cooperatives and thus were excludable from taxable income. The record shows this to be true for the bylaws of the petitioner provided in part: All such amounts in excess of operating costs and expenses at the moment of receipt by the cooperative are received with the understanding that they are furnished by the patrons as capital. The Cooperative is obligated to pay by credits to a capital account for each patron all such amounts in excess of operating costs and expenses. * * * In our original opinion in this case we held the interest profit realized by petitioner would *316 not qualify as patronage dividends because not based on member participation. However, the opinion cites and quotes from Southwest Hardware Co., 24 T.C. 75, and Pomeroy Cooperative Grain Co., 31 T.C. 674, affirmed on this issue 788 F. 2d 326, which apply the rule, as stated in Southwest Hardware Co., supra, p. 81: "Where a cooperative is obligated to refund to members the profit realized from business transacted with members, it is proper to exclude such profits from taxable income on the theory that they belong to the members and are not income of the cooperative." The record establishes petitioner's receipt of interest income by the same kind of financial operations in 1956 and 1957. It must be admitted that the holding of the Court of Appeals is a determination that under petitioner's method of doing business its income in excess of expenses would be allocable to its members and not be includable in its taxable income. Respondent admits this is true with respect to 1956. Respondent's only argument is that the patronage dividend issue for the year 1957 was not raised heretofore in this proceeding and this Court has no jurisdiction *317 to consider the issue for the first time on the remand. We agree that we would be without authority to permit petitioner to raise a new issue after remand. Peavy-Byrnes Lumber Co., 31 B.T.A. 985, affd. 86 F. 2d 234. Respondent argues that the Court of Appeals merely allowed the patronage dividend deduction for the year 1956, with respect to the loss that year that was to be carried over to 1957. But the "views expressed" in the Court of Appeals opinion would require a determination of the patronage dividend issue for 1957 if that issue was present in the case. We think the issue of the excludability of petitioner's 1957 income as allocable patronage dividends was present in this case from the very beginning. The portion of the petition previously quoted shows petitioner was claiming that even if it was wrong on the exemption and interest issues, it had not received taxable income during 1957. The petition does not state the latter claim was based upon a patronage dividend deduction but we think this was obvious and respondent sought no clarification of the pleading. We feel respondent understood the nature of petitioner's contention. Respondent knew petitioner *318 was a cooperative association. He knew that patronage dividends of any cooperative would, under certain conditions, be excludable from income. [2] In making his examination for the carry-over item in his computation he saw petitioner's exclusion of all 1956 income on the basis of its allocation as patronage dividends. If there was any doubt in respondent's mind as to whether the alternative claim of exclusion as patronage dividend for 1957 was being asserted, it should have been set at rest by the statement of issues by petitioner's counsel at the time of trial. Counsel for petitioner stated petitioner's main contentions were that it was an exempt organization under section 501(c)(12) of the Internal Revenue Code of 1954, and that the interest payments were fully deductible in computing its income and he stated: We also say that if in fact the interest payments on the debentures were income and not interest, then by the corporate requirements, and articles and by-laws, it would have *319 been incumbent upon [petitioner] to allocate these amounts among their patrons in the same way they allocated the amounts out the year they admitted they had a slight margin. The manager of petitioner, the sole witness in the case, was asked what, under its articles, by-laws and contractual arrangements with its members petitioner would do with the income if the payments made on the debentures were in fact income. He answered: The organization, the Consumers Credit Rural Electric, would have to allocate the margins back to its members, based on its patronage at that time, which in substance would leave the organization without any net revenue. In his requested findings of fact and brief filed in this Court petitioner stated the questions presented were whether petitioner was an exempt organization under section 501(c)(12), I.R.C. of 1954, whether the payments were true interest payments and if not exempt and the payments were not interest then whether said sums were not income because of the requirement that the income be allocated to patrons in proportion to patronage. The brief contains three brief points where petitioner argued each of the above *320 points separately and a conclusion which reads: Petitioner submits in conclusion that it is entitled to exemption as an organization qualifying under Section 501(c)(12) of the Internal Revenue Code of 1954. It further submits that, regardless of this, the payments of interest on debentures were true interest payments on debt obligations and deductible as such. Further it submits that under its beginning and continuing obligation to its member-patrons any net margins had to be allocated in proportion to patronage received and thus Petitioner had no taxable income. It is true that in our opinion we considered the excludability of alleged patronage dividends with respect to petitioner's 1956 income. This was the only year petitioner had sought patronage dividend exclusion and the only year respondent had alleged it should be disallowed. Since our conclusion was that respondent was right in holding income derived pursuant to petitioner's manner of doing business was not excludable as patronage dividend, there was no need to examine the same issue under the same controlling facts for the year 1957, especially since it was merely an alternative issue for that year. *321 Respondent makes no argument that the present record would not warrant a determination that the 1957 income was patronage dividend income within the views expressed in the reversing opinion. His only contention is that the issue was not raised with respect to 1957. We hold it was raised by the pleadings and argued by petitioner and in accordance with the views expressed by the Court of Appeals for the Sixth Circuit we now hold petitioner had no taxable income during 1957. Decision will be entered for the petitioner. Footnotes
1. The amendment alleged further reductions in the loss carry-over based upon duplications and disallowed some other 1957 deductions, which were all admitted.↩
2. In our original opinion we pointed out it had, since 1922, been the administrative practice to exclude from income the patronage dividends of a nonexempt cooperative.↩